IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION FOR** |
| | ) | **RECONSIDERATION OF DETENTION** |
| vs. | ) | **ORDER** |
| | ) | |
| Judd Allen Welsh, | ) | Case No. 1:19-cr-088 |
| | ) | |
| Defendant. | ) | |

Before the Court is a "Motion for Reconsideration of Detention Order" filed by Defendant on December 14, 2022. (Doc. No. 86). The Court previously ordered Defendant detained pending a final hearing on a petition to revoke his supervised release. (Doc. No. 80). Advising that has secured a placement at Centre, Inc. in Fargo, North Dakota, and is endeavoring to secure a placement in an intensive outpatient treatment program at SharHouse in Fargo, he requests to be released to Centre, Inc. on December 15, 2022.

The Court, in consultation with the supervising Probation Officer, **GRANTS** Defendant's motion (Doc. No. 86). Defendant shall be released on December 15, 2022, subject to the conditions of supervised release previously imposed by the Court. Defendant's release shall also be subject to the following additional conditions:

(1) Defendant shall reside at Centre Inc. located at 123 15th St N in Fargo, ND 58102 and not change his residence without prior approval of the Probation Officer. Defendant shall participate in the facility's program and abide by all of its rules and regulations. Defendant shall not withdraw from the facility without permission of the Court or the Probation Officer.

(2)      All passes away from Center, Inc. must be approved by the Probation Officer.

(3)      Defendant shall fully participate in ShareHouse's outpatient treatment program.

(3)      Defendant shall grant a limited waiver of his right of confidentiality for the treatment provider to provide information to the Probation Officer.

The Court cannot stress enough how important is that Defendant follows the probation officer's directives, especially when it comes to associates such as Crystal Flores. Defendant should take heed that his performance while on release will be scrutinized by the Court at his revocation hearing and, in advance of the revocation hearing, the Court will not hesitate to immediately revoke his conditions of release and remand him to Marshals Service custody pending his revocation hearing should he fail to strictly follow the probation officer's directives.

**IT IS SO ORDERED.**

Dated this 14th day of December, 2022.

                                            */s/ Clare R. Hochhalter*
                                            Clare R. Hochhalter, Magistrate Judge
                                            United States District Court